IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

AVERY L. SMITH,                         )
AIS #155412,                            )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )       CASE NO. 2:17-CV-323-WKW
                                        )               (WO)
                                        )
OFFICER J. PITTMAN, et al.,             )
                                        )
        Defendants.                     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Avery L. Smith ("Smith"), an indigent state inmate, against Officer J. Pittman and Sgt. Lindsey, correctional officers assigned to the Ventress Correctional Facility.  In this case, Smith complains that defendant Pittman made racially derogatory, profane and vulgar comments towards him and approached him in a threatening manner.  He maintains that these actions occurred in the presence of Sgt. Lindsey and Lindsey failed to reprimand Pittman or intervene on Smith's behalf.  Smith further complains that the actions of the defendants violated various administrative regulations. Smith seeks a declaratory judgment and injunctive relief for the alleged violations of his constitutional rights.  Doc. No. 1 at 5-6.

Upon thorough review of the complaint, the court concludes that this case is due to

be dismissed prior to service of process in accordance with the provisions of 28 U.S.C.

§ 1915(e)(2)(B)(ii).[1]

## II.  DISCUSSION

### A.  Violation of Administrative Regulation

Insofar as Smith asserts that the actions of the defendants violated administrative

regulations enacted by the Alabama Department of Corrections, he is entitled to no relief.

The law is well-settled that infringements of agency rules, regulations or procedures do

not, without more, amount to constitutional violations.  *Sandin*, 515 U.S. at 484-486;

*Magluta v. Samples,* 375 F.3d 1269, 1279 n. 7 (11th Cir. 2004) (mere fact governmental

agency's regulations or procedures may have been violated does not, standing alone, raise

a constitutional issue); *Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996) (claim that

prison officials have not followed their own policies and procedures does not, without

more, amount to a constitutional violation); *United States v. Caceres,* 440 U.S. 741, 751-

752 (1979) (mere violations of agency regulations do not raise constitutional questions);

*Weatherholt v. Bradley,* 316 F. App'x 300, 303 (4th Cir. 2009) (same); *see also Riccio v.*

*Cnty. of Fairfax,* 907 F.2d 1459, 1459 (4th Cir. 1990) (holding that if state law grants

more procedural rights than the Constitution requires, a state's failure to abide by its law

is not a federal violation).  For these reasons, Smith's claims regarding alleged violations

of the ADOC's administrative regulations fail to state a claim on which relief may be

---

[1]This court granted Smith leave to proceed *in forma pauperis* on June 16, 2017.  Doc. No. 5.  A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

granted and, as such, are due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.  Derogatory Language and Threatening Approach

Smith asserts that on April 29, 2017 he engaged in a verbal altercation with defendant Pittman during which Pittman used racially derogatory, profane and vulgar language.  Smith states "I pointed my finger at him. I stated 'I know how to handle this.'" Doc. No. 1 at 3.  Smith explains Pittman then approached him in what he perceived as a threatening manner but other inmates and Officer Lampkin stopped Pittman before he reached Smith.  *Id.*  Smith complains Sgt. Lindsey observed this incident but "never once tried to correct J. Pittman for his profane and vulgar language nor his attempted attack on me." *Id.*

To state a claim for relief which is cognizable in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution.  *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981).  Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation and, therefore, provide no basis for relief in a § 1983 action.  *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (noting that mere verbal taunts or threats, despite their distressing nature, directed at an inmate by jailers do not violate the inmate's constitutional rights); *Ayala v. Terhune*, 195 F. App'x 87, 92 (3rd Cir. 2006)

("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts . . . resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (holding that district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (holding that verbal abuse, even if racially or ethnically motivated, does not give rise to a cause of action under § 1983); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (holding that mere threats, even to inmate's life, made by guard do not satisfy the objective component of the Eighth Amendment as threats and harassment are "necessarily excluded from the cruel and unusual punishment inquiry[.]"); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (holding that "alleged verbal threats by jail officials . . . did not rise to the level of a constitutional violation."); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (Eighth Amendment trivialized by assertion that mere threat constitutes a constitutional wrong); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse, including threat of harm, not actionable under § 1983). Consequently, the claims presented by Smith with respect to defendant Pittman's use of derogatory, profane and vulgar language and his merely approaching Smith in a threatening manner, including a lack of action by defendant Lindsey in the face of these actions, do not implicate any violation of the Constitution and are therefore subject to

dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further ORDERED that on or before **July 14, 2017** the plaintiff may file objections to the Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the plaintiff from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 26th day of June, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE